UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 1 7 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Siemens Power Transmission & Distribution, Inc., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-03-0298 |
| Union Pacific Railroad Company, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

This is an action for damages arising from the shipment of goods by rail. Plaintiff Siemens Power Transmission and Distribution, Inc. ("Siemens") claims that Defendant Union Pacific Railroad Company ("Union Pacific") is liable for damage caused to two of Siemens's transformers during shipment. Union Pacific has moved for partial summary judgment on the issue of limitation of liability. Siemens has filed a motion *in limine* to preclude the testimony of Union Pacific's expert witnesses. Because the Court lacks subject matter jurisdiction over this action, both motions, Docket Nos. 27 and 28, are **DENIED** as moot, and the case is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

On August 8, 2000, Siemens's agent, Tranco, Inc. ("Tranco"), requested a rate quotation from Union Pacific for the shipment of two transformers from Houston, Texas to Union Bridge, Maryland. Union Pacific employee Leslie Go responded by facsimile, quoting a rate conditioned upon a limitation of Union Pacific's liability to $50,000. Tranco then issued bills of lading, or shipping contracts, that incorporated the quoted rate by reference but failed to mention the liability limitation. The bills of lading specified

that each transformer was worth $250,000. Upon receipt of the bills of lading, Union Pacific accepted the transformers for shipment and delivered them to Union Bridge, Maryland, where they were found, upon arrival, to have suffered damage during shipment. At Siemens's request, Tranco demanded compensation from Union Pacific for the damage. Union Pacific did not respond. Siemens then filed this suit.

## II.    ANALYSIS

Before addressing the merits of the parties' motions, the Court must resolve the threshold question of jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (quoting *United Republic Ins. Co. in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170-71 (2d Cir. 2003)) ("We have . . . urged counsel and district courts to consider subject matter jurisdiction as a threshold issue for resolution . . . ."). Although Union Pacific has not contested subject matter jurisdiction, the Court has an "independent obligation to address [the issue] *sua sponte*." *Id.* (quoting *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)); *see also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Siemens bases its claim upon the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706 (1995), which confers original subject matter jurisdiction upon the federal district courts over actions arising from railroad freight contracts. (Compl. at 1.) Union Pacific has argued that this suit arises not under the Carmack Amendment but instead under the Staggers Act, 49 U.S.C. § 10709 (1996),[1]

---

[1] Section 10709 was originally enacted as part of the Staggers Rail Act of 1980, Pub. L. No. 96-448, § 208, 94 Stat. 1895 (1980). It was reenacted by the ICC Termination Act of 1995, Pub. L. No. 104-88, § 102, 109 Stat. 803 (1995). Courts continue to refer to § 10709 as the Staggers Act. *See, e.g., Schoenmann*

which does not provide an independent basis for federal subject matter jurisdiction. (Ex. 2, Pl.'s Resp. to Def.'s Mot. for Partial Summ. J., at 2 (Def.'s Resp. To Pl.'s Req. for Admis.).) At the hearing on this issue held on October 5, 2005, Union Pacific changed its position slightly, contending that the Staggers Act governs those provisions of the bills of lading that explicitly deviate from the requirements of the Carmack Amendment, while the Carmack Amendment supplies default provisions to govern situations not expressly addressed by the contracts.

The Staggers Act does permit shippers and common carriers to contract around the default provisions of the Carmack Amendment. *See Schoenmann Produce Co. v. Burlington Northern & Sante Fe Ry. Co.*, No. Civ. A. H-04-0461, 2005 WL 1204072, at *1 (S.D. Tex. Apr. 25, 2005) ("Under the Staggers Act, 49 U.S.C. § 10709, . . . parties to a contract involving the carriage of goods via railroad may elect whether the Carmack Amendment provisions will apply."). Parties cannot, however, selectively opt out of Carmack Amendment provisions; the plain language of the Staggers Act provides that "[a] contract that is authorized by this section, and transportation under such contract, *shall not be subject to this part, and may not be subsequently challenged . . . in any court on the grounds that such contract violates a provision of this part.*" 49 U.S.C. § 10709(c)(1) (emphasis added).

Contracts authorized by the Staggers Act, and therefore exempt from the Carmack Amendment, are those between shippers and carriers for "specified services [provided] under specified rates and conditions." *Id.* § 10709(a). Most shipping agreements, including bills of lading, are now embodied in such private contracts. *See Transit Homes*

---

*Produce Co. v. Burlington Northern & Sante Fe Ry. Co.*, No. Civ. A. H-04-0461, 2005 WL 1204072, at *1 (S.D. Tex. Apr. 25, 2005).

*of America, Div. of Morgan Drive Away, Inc. v. Homes of Legend, Inc.*, 173 F. Supp. 2d 1192, 1195 (N.D. Ala. 2001) (discussing a similar section of the Staggers Act governing shipments by motor carriers) ("[T]he great majority of transportation of property by motor carrier in this country must, of necessity, occur pursuant to the terms of private contracts of one form or another, be they receipts, bills of lading, or otherwise, between individual carriers and shippers.").

The shipment at issue here was made subject to two bills of lading. "A bill of lading is a transportation contract between a shipper-consignor (*i.e.*, a seller of goods) and a carrier." *Paper Magic Group, Inc. v. J.B. Hunt Transp., Inc.*, 318 F.3d 458, 461 (3d Cir. 2003). As private shipping contracts, bills of lading are subject to the Staggers Act and not to the Carmack Amendment. Because the Staggers Act does not provide an independent basis for original subject matter jurisdiction in the federal district courts, and because Siemens has pleaded no other basis, such as diversity of citizenship, this case must be and hereby is **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction. The parties' pending motions, Docket Nos. 27 and 28, are therefore **DENIED** as moot.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of October 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**